IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TOMMY DWAYNE DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3115-CV-S-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Tommy Dwayne Decker seeks judicial review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq*., and his application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Decker alleges he became disabled as of May 23, 2006 and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability and SSI benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

1

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the records supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

In the instant case, the administrative law judge ("ALJ") determined that Plaintiff did not meet or equal the criteria of Listing § 1.04 and was, therefore, not disabled. The issues for review are whether the ALJ's determination that Plaintiff does not meet the criteria of Listing § 1.04 is supported by substantial evidence on the record and whether the ALJ properly discounted Plaintiff's credibility in assessing his RFC based on an evaluation of the evidence as a whole.

## A. Substantial evidence of record supports the commissioner's determination that Plaintiff does not meet Listing § 1.04.

Plaintiff argues that the ALJ improperly found that his spinal condition did not meet or equal the requirements of Listing § 1.04. Plaintiff contends he meets listing § 1.04 which requires a spinal disorder resulting in nerve root or spinal cord damage. The spinal disorder must also be accompanied by evidence of nerve root compression, limitation of spinal motion, motor loss with sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test. 20 C.F.R. pt. 404, subpt. P, App. 1, § 1.04. Plaintiff maintains that his medical records establish that he meets these requirements: a May 2005 MRI of the lumbar spine revealed an extruded disc with a free fragment involving the nerve root, a bulging annulus, and stenosis, and he tested positive to straight leg raising on his left side. R. at 143, 156.

The ALJ's determination here must be upheld. The burden is on the Plaintiff to show, through medical evidence, that his impairment "meet[s] *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Although Plaintiff cites specific medical findings as evidence that he meets the criteria for Listing § 1.04, there is substantial evidence on the record as a whole supporting the ALJ's finding that Plaintiff "does not have an impairment or

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

combination of impairments that meets or medically equals one of the listed impairments." R. at 12.

First, Plaintiff alleges that a May 2005 MRI showed spinal cord and nerve root damage. However, the radiologist's specific findings were that Plaintiff had an extruded disc which "should probably involve the left L2 nerve root, and possibly, the L3 root as well." R. at 143. These "probable" or "possible" findings, however, are not sufficient to establish compromise of the nerve root or spinal cord as required by Listing § 1.04. *See* 20 C.F.R. pt 404, subpt. P, app. 1, § 1.04. In addition, Plaintiff maintains that the ALJ failed to properly consider the results of his positive straight leg testing on the left in mid-May 2005. Prior to and since that time, however, Plaintiff has undergone many other straight leg raising tests. For example, physical examinations in April and early May 2005 and February and March of 2006 revealed negative straight leg testing results. Plaintiff's most recent straight leg test was negative in October 2008. Thus, the record shows only two notations of positive straight leg testing on Plaintiff's left side only, as opposed to bilaterally as required by the Listing. Additionally, Plaintiff's positive results occurred prior to Plaintiff's alleged date of onset; subsequent to the alleged date of onset, there have been multiple negative findings. Accordingly, the evidence is insufficient to meet Plaintiff's burden of demonstrating that he meets the criteria of Listing § 1.04, and the Court must affirm the ALJ's decision.

Plaintiff also argues that the ALJ failed to properly discuss whether the evidence warranted a finding that Plaintiff had the medical equivalence of a listed impairment. Where an individual has a medically determinable impairment that is not listed or fails to meet the requirements of a listing, an ALJ must sometimes consider whether Plaintiff has the medical equivalence of a listed impairment. There are only three situations, however, in which the

4

agency will find a medical equivalence: 1) where an individual has a listed impairment but does not exhibit one or more of the findings in the particular listing; 2) where an individual has an impairment that is not described but is closely analogous to a listed impairment; and 3) where an individual has a combination of impairments, no one of which meets a listing, but is closely analogous to a listed impairment. 20 C.F.R. §§ 404.1526(b), 416.926(b). To satisfy its burden, however, Plaintiff must do more than simply allege that his condition was medically equivalent to the Listing § 1.04 criteria. Here, Plaintiff fails to cite medical findings sufficient to demonstrate that his impairment equals the criteria of any listed impairment. Accordingly, the Court finds that the ALJ properly determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of any listed impairment.

### B. The ALJ properly assessed Plaintiff's credibility.

Plaintiff also asserts that the ALJ did not properly assess his credibility, fully considering the *Polaski* factors, particularly with regard to Plaintiff's subjective complaints of pain. *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). When assessing a claimant's credibility, "the ALJ must look to the claimant's daily activities; the duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions." *Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (citing *Polaski,* 739 F.2d at 1322). Credibility determinations are generally the province of the ALJ, and courts will defer to an ALJ's explicit credibility determination when it is supported by "a good reason." *Finch*, 547 F.3d at 935. The primary question is whether a Plaintiff's subjective complaints of pain are credible to the extent that they prevent the Plaintiff from performing substantial gainful activity. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001).

5

Here, the ALJ properly articulated inconsistencies in the record upon which he relied in discrediting Plaintiff's subjective complaints of pain. For example, the ALJ found that medical evidence showed the Plaintiff suffered from severe impairments of lumbar spine degenerative disc disease and cervical spine degenerative disc disease. R. at 12-19. However, the ALJ did not find that Plaintiff had severe symptoms that rendered him unable to work. *Id*. Dr. Koprivica, for instance, noted that Plaintiff's history of self-limitation was greater than what was appropriate based on the structural findings of his two MRI scans. R. at 367. Dr. Corsolini found that Plaintiff's lumbar disc abnormalities "[w]ere not severe enough to call for surgical treatment." R. at 328. In addition, the record shows that Plaintiff sought medical treatment only sporadically, and rarely after 2006. Between March 2006 and August 2008, in fact, Plaintiff visited a doctor only a handful of times. R. at 245-64, 326-40. Appropriately, no medical provider imposed restrictions on Plaintiff's ability to work that are inconsistent with the ALJ's assigned RFC.

Additionally, Plaintiff did not take strong pain medication to control his symptoms and reported improvement at various times with physical therapy and lumbar steroid injections. R. at 180, 194, 235-36, 250. *See Goodale v. Halter*, 257 F.3d 771, 774 (8th Cir. 2001) (noting that an ALJ may reasonably discredit a claimant's testimony about disabling pain when the claimant takes nothing stronger than over-the-counter medicine); *see also Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) ("Impairments that are controllable or amenable to treatment do not support a finding of disability.").

The ALJ also considered Plaintiff's daily living activities, finding that they were not as limited as one might expect with such severe complaints of disabling pain. Plaintiff, for example, reported that he was able to grocery shop, prepare dinner, drive a car, and occasionally

6

help with laundry. R. at 30, 35. Dr. Volarich indicated that Plaintiff could perform self-care activities. R. at 15, 352. *Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001) ("Allegations of pain may be discredited by evidence of daily activities inconsistent with such allegations."). The ALJ also properly took into consideration Dr. Kopriva's statement that Plaintiff's complaints were a "significant exaggeration of the underlying physical impairment." R. at 16, 364.

Finally, the ALJ properly noted Plaintiff's history of applying for work, suggesting an ability to perform work, and receipt of unemployment compensation, suggesting that Plaintiff held himself as available, willing, and able to work. R. at 15-16, 28, 366. Accordingly, based on Plaintiff's inconsistencies, lack of medical support, relatively conservative treatment history, daily living activities, and employment history, the Court defers to the ALJ's credibility assessment.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record. Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  November 30, 2011                     /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT